887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bennie M. ANDERSON, Jr., Plaintiff-Appellant,
v.
Louis BRODNIK, Jr., Assistant Cuyahoga County Prosecutor;
Stephanie Tubbs Jones, Judge; Lloyd O. Brown, Judge;
Franklin Beni; Spiros Gonakis; James Dubelko; John Doe,
One Unknown Public Defender; Jane Doe, Unknown Court
Reporter; Jane Doe, Unknown Court Reporter; John Doe, One
Unknown Assistant District Attorney; John Doe, One Unknown
Cuyahoga County Sheriff; John Doe, One Unknown Cuyahoga
County Sheriff, Defendants-Appellees.
 No. 89-3467.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio plaintiff has filed a motion to proceed in forma pauperis in this appeal from the district court's order dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Bennie M. Anderson, Jr., tendered his complaint with an application for leave to proceed in forma pauperis in the district court. Anderson alleged that defendants, judges, prosecutors, defense attorneys, court reporters, and deputy sheriffs conspired to deprive him of constitutional rights during his criminal trial. He sought a declaratory judgment and damages of ten million dollars.
 
 
 3
 The district court determined that Anderson's conclusory allegations were insufficient to establish a conspiracy, that defendants were otherwise entitled to immunity from the suit and that the claims were barred by the applicable statute of limitations. The in forma pauperis motion was denied and the complaint was dismissed.
 
 
 4
 Upon review, we conclude that the complaint was properly dismissed because it is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827 (1989). Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist; claims which lack an arguable basis in fact include claims describing fantastic or delusional scenarios. 109 S.Ct. at 1833. Claims are frivolous where it is clear from the face of the complaint that defendants are entitled to immunity. 109 S.Ct. at 1833.
 
 
 5
 Anderson based his claims of a conspiracy on a theory that, because each of these defendants was involved in his trial, each must have known about and acquiesced in the conduct of the others. His theory of a conspiracy lacks an arguable basis of fact and was properly dismissed as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 6
 Claims against the defense attorneys were properly dismissed because, lacking a conspiracy, they are not "state actors" liable for alleged deprivations under the civil rights acts. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).
 
 
 7
 Claims for damages were properly dismissed because remaining defendants are entitled to immunity for actions pursuant to their judicial or prosecutorial capacities. See Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir.1989) (prosecutors); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, 474 U.S. 971 (1985) (judges); Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir.1983) (court reporters); Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir.1980) (sheriffs).
 
 
 8
 Anderson's claims for declaratory relief are frivolous because the allegations fail to provide an arguable basis that Anderson was deprived a fair trial.
 
 
 9
 Accordingly, the motion to proceed in forma pauperis on the appeal is granted. Additionally, however, the district court's order of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.